2011 VT 126

**STATE of Vermont v. Floyd AMIDON**

[35 A.3d 175]

No. 10-270

¶ 1. November 8, 2011. Following a conviction by jury of one count of home improvement fraud, defendant appealed. During the pendency of the appeal, this Court issued a decision in *State v. Rounds*, 2011 VT 39, 189 Vt. 447, 22 A.3d 477, vacating that defendant's conviction of home improvement fraud based on plain error in the jury instructions and remanding the case for a new trial. The parties have submitted a stipulation stating that the jury instruction in this case "contained identical language" to the faulty instruction in *Rounds*, and consequently request reversal. We reverse and remand.

¶ 2. The record reveals the following facts. Defendant was charged with two counts of home improvement fraud, one count of false pretenses, and one count of grand larceny. Following a jury trial, defendant was found guilty of one count of home improvement fraud. The false pretenses charge was dismissed by the State following a hung jury. The jury found defendant not guilty on the second home improvement fraud charge and the grand larceny charge. Defendant appealed his conviction.

¶ 3. While defendant's appeal was pending, this Court issued a decision in another home improvement fraud case, *State v. Rounds*. In *Rounds*, we held that the trial court's instruction contained a faulty permissive inference instruction that was not supported by the evidence and impermissibly lowered the State's burden of proof. Although the error was not preserved for appeal, we concluded that the faulty instruction amounted to plain error because it failed to correctly state the law and allowed the jury to convict defendant by inferring his intent from an erroneous inference rather than by facts proven beyond a reasonable doubt. 2011 VT 39, ¶¶ 31-34.

¶ 4. The parties have stipulated that the instruction given in this case on home improvement fraud was identical to the faulty one used in *Rounds*. We accept the parties' stipulation on this fact. As explained in *Rounds*, because the instruction allowed the jury to improperly infer defendant's intent based on facts not proven beyond a reasonable doubt, we conclude that the error was prejudicial and "affected the integrity of the jury verdict." *Id.* ¶ 34. Therefore, the conviction is vacated and the matter is remanded for a new trial.

*Reversed and remanded.*